T. P. WILLIAMS, ADM'R, v. B. W. ROBINSON, ADM'R.

(Case No. 482.)

1. ADMINISTRATOR — PRIORITY OF CLAIMS AGAINST — EXPENSES OF
ADMINISTRATION — JUDGMENTS.— A judgment obtained in the dis-
trict court against the administrator of an estate, and decreed "to
be a preferred claim" against the estate, "and ordered to be paid
in preference to all other debts," is not entitled to priority over the
"expenses of administration" which the probate law of 1870, sec-
tion 207, prefers to all other charges except funeral expenses; and
the district court, exercising probate jurisdiction, did not err in de-
creeing that the expenses of administration should be paid before
such judgment.

2. SAME — ATTORNEY'S FEES.— Reasonable attorney's fees for defending
a suit in which such a judgment was rendered are included in
expenses of administration, and entitled to priority over such judg-
ment.

3. JURISDICTION OF COURTS — DISTRICT AND PROBATE.— It is competent
for the district court, in a suit before it, to determine upon the
issues between the parties that the plaintiff should recover the sums
specified in the judgment, and to direct in a legal and appropriate
manner their classification and payment by the probate court; but
this exhausts its powers, and any direction to the probate court as
to the adjustment of the rights of creditors, not before the district
court, is not binding upon the former.

APPEAL from Walker. Tried below before the Hon.
J. R. Burnett.

D. D. Davis and Mary J. Davis were husband and wife.
Mary J. Davis died in April, 1866, leaving surviving her
her husband and minor children. The husband died
November 4, 1868, leaving a second wife, Mary E. Davis.
Williams was appointed administrator of the estate of
Mary J. Davis, deceased, and brought suit in the district
court of Walker county against Robinson and Mary E.
Davis, as administrators of D. D. Davis' estate, for the
community interest of his intestate, Mary J. Davis. A
trial was had in said suit in December, 1880. The verdict
of the jury was as follows: "We, the jury, find the
community property to be worth $2,502, and, after de-

ducting the indebtedness of the estate, find for plaintiff $1,182." Whereupon the court rendered judgment in favor of the plaintiff accordingly, and adjudged the said sum of $1,182 to be a preferred claim against D. D. Davis' estate, and ordered it to be paid in preference to all other debts, and before any allowance in lieu of homestead and other exempted property.

Upon the hearing of the final account of Robinson, who was the active administrator of the D. D. Davis estate, Williams appeared and filed exceptions thereto, objecting to the allowance of all the items in the exhibits of amounts paid out. As ground of such objection, he urged the preference in favor of the judgment over all such items and exhibits. The exceptions specifically objected to an item of $92, the necessary expense of keeping certain horses belonging to the estate; but the amount of $425 for reasonable expenses of administration, together with the above item, was approved and allowed by the court. The probate court on this hearing adjudged that the decree in favor of Williams, administrator, etc., against the estate of D. D. Davis was a preference monied judgment over other creditors' claims and all exemptions, but that it had no preference over the expenses of administration. The court ascertained by decree that the amount remaining in Robinson's hands was $144.34, and ordered his discharge after paying the costs of court, including the final proceeding and filing the receipt of T. P. Williams, administrator of M. J. Davis, for the balance then remaining in his (Robinson's) hands. At the time of the hearing of the contestation the sum of $770 had already been taken in partition proceedings of the estate of D. D. Davis, and credited by Williams in the judgment. There thus remained due as principal about $412.

*Abercrombie & Goree*, for appellant.

*Jas. A. Baker*, for appellee.

WALKER, P. J. COM. APP.— The second and third causes
for error assigned by the plaintiff in error are the only
ones which specifically indicate his grounds of complaint
against the decree which he has brought here for revision.
Both present in effect the same legal question, which is,
whether it was competent for the district court, exercis-
ing probate jurisdiction, to allow to the administrator in
the settlement of his final account compensation for cer-
tain expenses of administration, and the payment of
attorney's fees for services in a certain suit in which the
estate was concerned, in preference to the monied judg-
ment rendered in behalf of the estate of Mary J. Davis.

The assignment of errors does not complain of the
correctness of the items allowed, which are the subject of
this controversy, but only insists upon the alleged error,
that the court preferred said items of account, in the
adjustment and settlement of the estate, to the claim of
the estate of Mary J. Davis, which had been adjudicated
in the decree of cause No. 1850, which is set forth and
described in the synopsis of this case.

The subject matter of controversy upon which the de-
cree of judgment was rendered in favor of the estate of
Mrs. Mary J. Davis does not appear from the evidence
which was adduced upon the trial to have been other than
an ordinary debt or claim against the estate; at all events
it did not belong to any class of claims to which priority
of payment was required or permitted to be made in
the statutory classification of claims established by the
probate law then in force, approved August 15, 1870. It
was a monied claim against the estate, which character
of claims were classified as to priority of payment by
section 206 of the probate law before referred to, in the
order following: First, funeral expenses; second, expenses
of last sickness; third, special liens; fourth, wages of serv-
ants; fifth, judgments rendered against the deceased in
his life-time; sixth, all claims legally exhibited within one

year; and seventh, all claims and parts of claims not paid under some one of the preceding subdivisions of said section.    There was, however, still another class of claims to which was given nearly the highest degree of priority, to wit, that class specified in section 207 of said act — expenses of administration.  It was provided in section 208, that the expenses of administration have priority of all charges except funeral expenses.    The claim of T. P. Williams, administrator, upon which judgment was rendered against the estate of D. D. Davis, deceased, clearly did not belong to any one of the classes of claims to which priority of payment was given, and in the settlement of the estate of D. D. Davis, the administrator Williams could not have asserted a claim to priority derived from the character and class of his monied judgment.   He insists, however, upon the conclusiveness and judicial effect to be accorded to the prescribed terms of the judgment rendered in his favor, to the effect that his said judgment should be paid ''in preference *to all other debts*, and before any allowance in lieu of homestead or other exempted property.''

The action of the court upon the final account, under the issue presented by the appellant's objection and contest, recognized the supremacy of the judgment above referred to, and ordered the balance of money in the hands of the administrator of D. D. Davis' estate to be paid to the contestant in satisfaction and on account of said judgment, with the exception, nevertheless, of the items of account pertaining to certain expenses of administration.

This action by the court did not contravene in any respect the immunities and preferences and priority of payment which the judgment above quoted from had prescribed.

That judgment determined that *its* payment should be made in *"preference to all other debts,"* etc.   The terms

thus used plainly meant to discriminate in favor of this claim as between it and other liabilities or debts, or obligations and claims of whatsoever character existing against D. D. Davis at the time of his death.

The probate act treating of and providing for the payment of the monied liabilities of estates uses the generic term "claims," and not "*debts*," and there is nothing in the nature of the subject adjudicated, nor the connection and relation of the matters at issue between the parties, to induce the supposition that the court which rendered the judgment could have meant or intended to use the word "debts" synonymously with the word "*claims*." Funeral expenses and expenses of administration both have priority over "*debts*," of whatsoever character or grade they may be, due from the deceased at the time of his death.

The expenses of administration provided for by section 207 embrace "reasonable expenses incurred by the temporary administrator, executor or administrator in the collection, preservation and management of the estate, including reasonable attorney's fees." Section 208 provides " that the expenses of administration have priority of all charges except funeral expenses; subject, however, to this explanation: that the expenses of administration as to a particular class of charges, and the property to be applied to the payment thereof, have priority over that and subsequent classes, but are postponed to prior classes."

Section 509 provides " that the attorney fees which are allowable as part of the expenses of administration are those which were for services in a controversy or controversies between the estate and other persons, and includes fees for advice or assistance in administering the estate. There may be a controversy without a suit."

Both the items, therefore, it will be seen, of Robinson's account which was objected to, and involve this contest, come strictly within the class of claims which

have priority over all debts against the estate existing at the time of the intestate's death; they were expenses of administration as defined in sections 207, 208 and 209, above quoted.

It is not perceived upon what ground a preference was allowed to the claims of Williams as administrator by the judgment of the court over all other creditors of the estate of D. D. Davis; yet giving to the decree the full effect which its terms warrant, we are of opinion that no fair or proper construction of them can have the effect to give precedence in the payment of said judgment over the legitimate expenses of administration.

Whilst the views that have been expressed dispose sufficiently of the questions presented to us for determination, it may not be amiss to add that the district court which rendered the judgment in favor of Williams, administrator, did not by so doing conclude the probate court from the exercise of its rightful powers in those matters which pertained to its own exclusive jurisdiction. It was competent for the district court to determine, as it did do, upon the issues between the parties, that the plaintiff in that suit should recover the sums specified in the judgment, and to direct in a legal and appropriate manner its proper classification and payment in due course of administration, and in every way necessary justly to determine whatever issues might be essential to the ascertainment of what were the rights of the parties before the probate court; but it is conceived that when the district court should have thus determined such rights as those indicated and involved in said suit, that it then would have exhausted its power over the subject, and any decree it might make, whereby direction was sought to be given to the probate court in the mode of adjusting preferences or priorities as to debts of creditors who are not before said district court, and limitations as to exemptions and of homestead rights affecting persons

not before such court nor parties to such litigation, would not be binding upon parties thus to be affected, and would be an invasion, besides, of the prerogatives and jurisdiction of the probate court.

So much, therefore, of the judgment relied on by the appellant as decreed a preference of the contestant's claim over all other creditors of the estate of D. D. Davis, was ineffectual, in our opinion, to bind the probate court to its observance and recognition.

We conclude upon the whole case that there is no error, and the judgment ought to be affirmed.

                                                    AFFIRMED.