F. J. BELL, ADMINISTRATOR, v. KATE P. GOSS ET AL.

Decided June 20, 1903.

**1.—Practice—Appeal Bond.**

An appeal bond on an appeal prosecuted from an order of the probate court to the district court is not substantially defective because in its condition clause it omits the word "court" in reciting the "district court," such omission being clearly a clerical error, and there being no room to question the identity of the court referred to.

**2.—Temporary Administrators—Commissions.**

The statutes of this State prescribe neither the specific duties nor the specific compensation of temporary administrators. The allowance of commissions to the temporary administrator is vested in the sound discretion of the court controlling the temporary administration, and its award, if reasonable and just, will not be revised on appeal.

**3.—Same—Attorney's Fees.**

The district court properly refused to allow attorney's fees to the temporary administrator for services in prosecuting his appeal to that court.

Appeal from the District Court of Dallas. Tried below before Hon. T. F. Nash.

*Harry Seay,* for appellant.

*J. L. Young* and *J. M. Wharton,* for appellees.

RAINEY, CHIEF JUSTICE.—The probate court of Dallas County allowed F. J. Bell, temporary administrator of the estate of H. H. Pennock, deceased, the sum of $1000 for his services as such administrator, and $300 attorney's fees for services rendered by an attorney. The heirs of Pennock appealed to the district court from said order, and judgment was there rendered for said Bell for his services $500, and attorney's fees $300. From that judgment this appeal is prosecuted.

We adopt the conclusions of fact of the trial court, viz:

"I find that decedent, H. H. Pennock, a citizen of Dallas, Texas, where he resided, died August 17, 1901, intestate and unmarried; that he left neither father nor mother. That appellants, Kate P. Goss and S. G. Pennock, were his sister and brother, respectively; that neither his father nor mother had any other descendants who survived decedent, and that appellants W. W. Goss and Kate P. Goss are husband and wife. That decedent died while temporarily absent from home, where he left his business. That his business consisted of a stock of goods in Dallas, which invoiced $4630.03, and had two branch houses of said business, one at San Antonio, Texas, and one at Mobile, Ala., invoicing with other goods in the hands of agents $10,524.85. Total amount of goods belonging to the business $15,154.88. That this business consisted of making leases, collecting pay therefor, there being thirty or forty agents of the house selling goods in Texas, Louisiana, Arkansas, Alabama, and

Mississippi, over whom F. J. Bell, temporary administrator, had supervision. That there was in cash at the beginning of the administration turned over to said administrator, $7500.61. I further find that F. J. Bell devoted most, if not all, his time during the temporary administration to this business, but that the former clerks and employes of decedent remained in their respective stations, and did their usual work under the supervision of Mr. Bell. That all of said clerks and employes were paid out of the cash collected or on hand belonging to the estate. That Mr. Bell was so engaged for twenty-seven days. That he employed his law partner, Harry L. Seay, to represent him in the probate court of Dallas County in making application for his appointment as temporary administrator, securing and preparing all such probate orders as were necessary under the law to the due administration of the estate. I find that Mr. Bell had no experience formerly in this character of business, and that the details of the business were very largely in the hands of the clerks and employes."

We further find that $7500.61 of the amount received by said administrator, and on which he claims 5 per cent for collection, was on deposit in a bank at the time of decedent's death, subject to check. Also, that if allowed to charge the commissions allowed by law to regular administrators his commissions on the amounts received and paid out by him would amount to more than $500, the amount allowed him by the district court.

The first question presented relates to the action of the district court in overruling the motion to dismiss the appeal from the county court on the ground of a defective appeal bond. The bond recites the rendition of judgment, etc., and the desire "to appeal from said order to the District Court of Dallas County, Texas," etc., the condition being that "appellants will prosecute their appeal with effect, and perform the decision, order, decree or judgment which the district shall make therein in case the cause shall be decided against them." The defect is that in the condition the district *court* is not named, the word "court" being omitted. It is manifest from the wording of the bond that the omission of the word "court" as complained of was a clerical error of the draftsman, and when taken as a whole it appears therefrom that the judgment of the district court was intended. The appeal was taken to the district court. An appeal to no other court is allowed by law in such cases. It is proper to supply the omitted word in construing the bond. That such was the intent of the parties executing same is clear from the reading of the bond, and in an action thereon the makers could not defeat liability on account of such omission. We are of the opinion that there was no error in overruling the motion to dismiss.

The next question relates to the rule governing the compensation of temporary administrators for their services as such, the contention of appellant being that temporary administrators are entitled to the same fees for similar services allowed by law to regular administrators, while

appellees insist that temporary administrators are only entitled to reasonable compensation which is left to the sound discretion of the court.

There is no statute fixing specific compensation for the services of a temporary administrator unless the view of appellant that they are entitled to the commissions fixed for regular administrators is correct. We are not inclined to accept this view. The statutes do not prescribe specifically their duties, and they have no powers except such as are specifically designated by the court in its orders. In this respect they are analogous to receivers appointed by the court. Therefore their compensation is left to the discretion of the court appointing them, which action will not be disturbed on appeal unless an injustice has been done by the lower court in the exercise of its discretion. In this case the district court allowed a reasonable compensation and the judgment will not be disturbed.

The appellant in his answer asked that a reasonable fee be allowed for his attorney representing him on appeal to the district court, which was denied and of this he complains. We see no error in this action. This was not a matter concerning the proper administration of the estate, but one in which his interest was antagonistic to that of the estate, which concerned him personally and an expense for which the estate was not liable. The judgment is affirmed.

*Affirmed.*

Writ of error refused.