DYESS et al. v. ROWE. (No. 5476.)†

(Court of Civil Appeals of Texas. San Antonio. May 12, 1915. Rehearing Denied June 16, 1915.)

1. EXECUTORS AND ADMINISTRATORS ⬤111— ALLOWANCE TO—ATTORNEY'S FEES.

An administrator who contested the right of an heir of one-half of the estate for the place, engaged three attorneys who represented him in that suit and established a claim by the administrator as an individual, against the estate. *Held*, that for such services as well as for defeating a contest to withdraw the estate from administration, the administrator was not entitled to an allowance for fees paid the attorneys, for such services were for the benefit of the administrator and not the estate.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. § 25; Dec. Dig. ⬤111.]

2. EXECUTORS AND ADMINISTRATORS ⬤7 — WITHDRAWAL OF ESTATE FROM ADMINISTRATION.

Upon compliance with Rev. St. 1913, arts. 3384–3386, an estate may be withdrawn from administration, and it is the duty of the court under article 2025 to discharge the administrator, and attorneys' services rendered in resisting the discharge should not be paid by the estate.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 19, 20; Dec. Dig. ⬤7.]

Appeal from District Court, Wharton County; Sam'l J. Styles, Judge.

Claim for attorney's fees by S. P. Rowe, as administrator, was allowed, and A. D. Dyess and another, who objected, appealed to the district court. From a judgment there allowing the full claim, they again appeal. Reversed and rendered.

Durrett & Dyess and Edmund Heinsohn, all of Temple, and H. A. Cline and John A. Barclay, both of Wharton, for appellants. D. F. Rowe, Leonard Doughty, and John A. Ballowe, all of Houston, and G. G. Kelley and W. L. Hall, both of Wharton, for appellee.

FLY, C. J. The record in this case indicates that appellants own a half interest in the estate of John T. and Josephine B. Rowe, deceased, and are contesting the claim of appellee, the administrator of the estate, for $1,000 claimed to have been incurred for attorney's fees. The claim was approved by the county court, and the cause was appealed by appellants to the district court, where judgment for the full amount of the claim

was rendered. From that judgment this appeal has been perfected.

[1] The evidence shows that appellee had employed three attorneys, to whom he was to pay, one $400, one $350, and another $250, making in the aggregate $1,000. The estate is valued at $15,000 or $16,000. The fees were to be paid for services performed in a contest between S. P. Hill and appellee for the place of administrator, and in the contest as to withdrawing the estate from administration, and also for services in establishing a claim by appellee as an individual for $7,000 against the estate. It was stated by the attorneys that they were representing the estate, but the facts show that they were representing all the claims against the estate made by appellee as an individual, as well as the administratorship.

It has been held in some states that executors or administrators would be entitled to reimbursement for attorney's fees expended in good faith in establishing or resisting a will, or in maintaining an administration. The test, it is held, must be that the fees were expended for the benefit of the estate, or those ultimately entitled to the property. Woerner, Am. Law of Administration, § 517. The fees involved in this case were not incurred by an administrator in defending the estate against the claims of some outside party, but as against an heir to half the property, to prevent him from being appointed administrator, and to prevent the administration from being withdrawn. The evidence fails to show that the contest for the administratorship was in the interest of the estate, but indicates it was rather in the interest of appellee, and even under the rule adopted in some states, appellee should not have recovered the attorney's fees.

There is no provision in the statutes of Texas for the payment of expenses incurred in the contest of an administration. The statute authorizes a contest of an application for administration by any person interested in an estate, and it will not be contended that if such contest is successful that the person applying for administration would have any claim against the estate for fees paid to his attorney for services rendered in the contest. Such fees would be the debt of the applicant for letters and not that of the estate, because it is a debt not authorized by the estate or any one qualified to act for it. The applicant would hold no higher position than the contestant, and though the applicant may have been the winner in the contest, we are unable to see that his attitude toward the estate, before the appointment, was changed. If the successful party in the contest could make the estate pay for the contest, it puts the opposing party at a disadvantage seemingly not contemplated by the statute. There is no authority in Texas directly on this point, the Supreme Court having only held that an

---

executor or administrator has the authority to employ an attorney to represent the estate "while in course of administration by him." Callaghan v. Grenet, 66 Tex. 236, 18 S. W. 507. The statute provides for the payment of "reasonable expenses necessarily incurred by them in the preservation, safe-keeping, and management of the estate and reasonable attorney's fees that may be necessarily incurred by them in the course of the administration," and while courts have allowed attorney's fees for filing an application for letters, it is as far as the courts of Texas have gone. It seems like an unwarranted expansion of the term "expenses of administration" to extend it to counsel fees incurred in a contest, between an heir and a person who has bought the interests of other heirs, for the administration of an estate. If the counsel fees of one should be paid, why not the other? In this case we have a concrete example of what may be expected if such claims are sustained. Three attorneys were employed, at an expense of $1,000, to obtain letters of administration, nothing more, if appellee's theory of the evidence be correct. For such purposes one attorney or firm would, it seems, be amply sufficient to perform the service mentioned, at a much less fee than was given to either of the attorneys in this case. For such service it may be permissible to pay a reasonable fee, but no estate should be made to pay for the luxury of a contest among heirs or legatees as to the administration, and incidentally allow fees for legal services performed in obtaining approval of other claims in favor of the administrator to consume a large portion of the estate. Bell v. Goss, 33 Tex. Civ. App. 158, 76 S. W. 315.

In the case last cited the temporary administrator sought to recover an attorney's fee for legal services rendered in a case between him and heirs of the estate, and the court held:

"The appellant in his answer asked that a reasonable fee be allowed for his attorney representing him on appeal to the district court, which was denied, and of this he complains. We see no error in this action. This was not a matter concerning the proper administration of the estate, but one in which his interest was antagonistic to that of the estate, which concerned him personally and an expense for which the estate was not liable."

In an old probate act quoted from by the Supreme Court in Williams v. Robinson, 56 Tex. 347, it was provided:

"That the attorney fees, which are allowable as part of the expenses of administration, are those which were for services in a controversy or controversies between the estate and other persons, and includes fees for advice or assistance in administering the estate."

The true rule is contained in that quotation. The suit contesting the appointment of appellee was not a controversy between the estate and other persons, but was a contest between Hill and appellee for the appointment. Speaking in a similar case, the Supreme Court held:

"A part of the fee was for services rendered to appellee in resisting the attempt to have him removed from the administration, and for which, it would seem, he would be individually liable."

That is decisive of this case in so far as the services rendered to prevent Hill from being appointed administrator.

[2] If appellants sought to withdraw the estate under the terms of articles 3384, 3385, and 3386, Revised Statutes, no contest should have been made, and appellee should not have opposed such withdrawal, and legal services rendered to prevent the withdrawal should not be paid for by the estate. It was the duty of the court, if the statutes were complied with, to discharge the administrator without a contest. Article 2025; Houston v. Mayes, 66 Tex. 297, 17 S. W. 729.

The proof in this case showed that appellee paid only $400 on the attorney's fees, and there is no authority for him claiming that more than that amount is due him. If the attorneys had claims against the estate they should have presented them in the legal manner. The evidence in this case shows that the services of the attorneys were rendered largely in prosecuting the claims of appellee against the estate of which he was the administrator, and the estate should not be forced to pay for such services. It should not be held to pay for the ammunition which was discharged into its vitals, but the man who used the services and to whom they proved of great benefit should pay the bills. Outside of the contests in which appellee was individually concerned, the administration of the estate was of the simplest nature, and a small fee would have been amply adequate for the services rendered.

The evidence indicates that the attorneys were representing the estate and the conflicting interests of appellee. The attorneys admitted that they were representing appellee in his claims against the estate, in resisting the withdrawal of the estate from administration, in the contest as to the administrator and in this suit to establish this claim for $1,000. It cannot be said that the attorneys were representing the estate in pressing claims against it for at least $8,000, and, whether any fee was charged for that service or not, the conflict of interests is exactly the same. No court should sanction such action, however innocently the attorneys may have acted in the premises, for if it be contrary to public policy to permit counsel in a receivership case, who had served the interests of another party at the same time he was serving the receiver, to recover a fee from the receiver, as held by the Illinois Supreme Court in Strong v. Brennan, 183 Ill. 97, 55 N. E. 675, 47 L. R. A. 792, how much more would it be contrary to public policy to permit counsel to recover fees from an estate when they were admittedly also in the employment of an individual whose interests were antagonistic to those of the estate. It is true that appellee, and not the attorneys, is suing for

the fee, but if it be contrary to public policy for them to recover the fee, it is contrary to public policy to permit the administrator to recover it for them. It is admitted by appellee that attorneys are not permitted to represent conflicting interests, but his position seems to be that if the services are given to one of the parties and a heavy fee charged against the other, there is nothing reprehensible in it. Each one of the attorneys admitted that he was representing Rowe as administrator and Rowe as an individual, and while this court is inclined to the opinion that all the services were performed for the individual, in either event he should not recover the attorneys' fees from the estate. It is not a question of who is called upon to pay the fee, but a question of whether an attorney, who is acting adversely to an estate, should be allowed to recover pay for his services from the estate. As said by the Supreme Court, in Douglass v. Blount, 95 Tex. 369, 67 S. W. 484, 58 L. R. A. 699:

"The relation that attorneys occupy towards their clients is of a very delicate character, in the highest degree confidential, and demands of the attorney the utmost good faith and that he refrain from 'the appearance of evil' in the conduct of his client's business."

It would be unconscionable and in the face of public policy to hold that an administrator could recover attorneys' fees for attorneys who were engaged in representing him in his fiduciary capacity as administrator, and at the same time were representing him in contested claims against the estate of which he was the administrator. Such divided service cannot be requited by the innocent client.

The judgment of the trial court is reversed, and judgment here rendered that appellee take nothing by his suit and pay all costs in this behalf expended.