**HAKE v. DILWORTH et al.**

No. 1756.

Court of Civil Appeals of Texas. Waco.

June 25, 1936.

Rehearing Denied July 16, 1936.

S. J. T. Smith and Geo. W. Barcus, both of Waco, Geo. W. Barcus, of Waco, only in appellate court, Nat. Harris, of Waco, trial court only, for appellant.

Jno. B. Atkinson and John B. McNamara, both of Waco, for appellees.

ALEXANDER, Justice.

T. M. Dilworth died in March, 1932, leaving a will devising all of his property to his three children, Tom G. Dilworth, Mrs. Anna D. Hake, and Mrs. Marion Lucenay. Said will appointed Mrs. Anna D. Hake sole independent executrix without bond, with authority "to sell and convey any real estate that may belong to me and divide the proceeds thereof in the manner provided above." Said will was admitted to probate and Mrs. Anna D. Hake duly qualified as executrix and assumed charge of the property belonging to the estate. Thereafter, in January, 1933, she brought this suit against the other devisees named in the will, alleged that said estate had been fully administered and that there was no necessity for further administration, prayed for partition of said estate, for judgment for certain salary and expenses incurred by her, and for cancellation of a certain bequest in favor of one of the devisees named in the will. The de-fendants denied plaintiff's right to recover for her salary and the expenses alleged to have been incurred by her, charged that she had grossly mismanaged the estate, and prayed that a receiver be appointed to take charge of the property belonging to the estate and collect the rents therefrom pending disposition of this suit and to do such other things in connection therewith as should appear to be fit and proper. The trial was had before the court without a jury. The court entered a judgment adjusting the differences between the plaintiff and said estate, and appointed a receiver to take charge of the property belonging to said estate, with authority to convert same into money, and, after paying certain claims, to divide the remainder among the devisees as provided in the will. The plaintiff, being dissatisfied with the decree, appealed. The defendants filed cross-assignments of error.

Appellant's first contention is that the trial court erred in appointing a receiver to take charge of the assets belonging to the estate of T. M. Dilworth, deceased. In view of the fact that appellant, who was the independent executrix of said estate, alleged that said estate had been fully administered and that there was no necessity for further administration and prayed for partition of the estate, there was no material error on the part of the trial court in placing the property in the hands of a receiver. 32 Tex.Jur. 194, 195; Dunn v. Vinyard (Tex.Com.App.) 251 S. W. 1043, par. 16; Quintana v. Giraud (Tex.Civ.App.) 209 S.W. 770, par. 5; McClelland v. McClelland, 46 Tex.Civ.App. 26, 101 S.W. 1171, 1176; Cogley v. Welch (Tex.Com.App.) 34 S.W.(2d) 849.

In presenting her claim against T. M. Dilworth estate, Mrs. Hake charged said estate with the sum of $2,870 as salary and the sum of $1,775 as expenses incurred by her after the death of T. M. Dilworth in operating an abstract plant alleged to belong to said estate, which abstract plant was sometimes operated under the name of the Waco Abstract Company and sometimes under the name of McLennan County Abstract Company. The trial court found that the two above-named concerns were corporations incorporated and existing under the laws of Texas (all of the stock thereof belonging to the estate of T. M. Dilworth, deceased), and that the abstract plant operated by Mrs. Hake belonged to

said corporations, and held that Mrs. Hake was entitled to recover her salary and expenses incurred in that connection, but that her claim therefor was a charge against the assets of said corporations only and not a charge against the assets of said estate generally. As a consequence, the court denied Mrs. Hake the right to charge the amount of her claim against the assets of the estate generally, but allowed her a judgment therefor against said corporations. Both parties complain of this part of the judgment.

In this connection, it is appellant's contention that the court erred in holding that the abstract plant belonged to said corporations and that said corporations were still in existence. It appears that the Waco Abstract Company and the McLennan County Abstract Company were originally incorporated under the laws of Texas and that the abstract plant here referred to formerly belonged to one or both of said corporations and that Tom G. Dilworth owned all of the stock of both corporations. The record shows that the secretary of state made a notation on his records on July 2, 1931, forfeiting the right of each of said corporations to do business on account of failure to pay franchise tax. Said Tom G. Dilworth went into bankruptcy and the trustee of his estate sold and conveyed to T. M. Dilworth all of the corporate stock of said corporations, together with the abstract plant and its accessories. This occurred only a short time prior to the death of T. M. Dilworth. During his lifetime and after his purchase of the stock of said corporations and said abstract plant, the said T. M. Dilworth operated the abstract plant and made some abstracts in the names of said corporations. After his death Mrs. Hake paid the franchise tax and kept the corporate charters in force. She continued to operate the abstract plant over a period of approximately three years. Sometimes the abstracts made by her were certified to under the name of one or the other of said corporations, and sometimes they were certified to under the name of T. M. Dilworth Abstract Company. She testified that she operated the plant for the purpose of keeping it up to date and to preserve its status as a going concern for the benefit of the estate. The above evidence, we think, was sufficient to support the trial court's finding that the two corporations in question were still in existence and that the abstract plant so operated by Mrs. Hake belonged to said corporations. But even if the evidence be deficient in this respect, the question is settled by appellant's pleadings. Appellant affirmatively alleged that said abstract plant belonged to McLennan County Abstract Company and the Waco Abstract Company, and that said concerns were incorporated. Since appellant alleged these facts, it was not necessary for appellees to prove them. Lafield v. Maryland Casualty Co., 119 Tex. 466, 33 S.W.(2d) 187, par. 2.

Appellant further contends that her account for the two above-mentioned items should have been allowed as a charge against the general assets of the estate of T. M. Dilworth, deceased, and that she should not have been limited to a judgment against said corporations to be satisfied out of their assets only. By cross-assignment the appellees contend that said corporations as such were not parties to this suit and hence the court was without authority to enter a judgment in favor of appellant against said corporations for the claims referred to. We will consider the cross-assignment first. The appellant alleged that all of the stock of said corporations belonged to T. M. Dilworth at the time of his death; that said stock passed by will to the three children of the deceased, Mrs. Hake, Mrs. Lucenay, and Tom G. Dilworth, all of whom were before the court; that there were no other creditors of said corporations and no one else interested in the assets thereof other than said devisees, and that there were no officers or agents of said corporations upon whom service could be had. She alleged that by reason of the above facts said corporations were before the court and the court had authority to enter judgment on her claim against said corporations, and she prayed that in the event her claim should not be allowed as a claim against the general assets of the estate that she be allowed a judgment against said corporations. The material facts above set out were supported by the evidence. Under these circumstances we think said corporations were effectively brought before the court and that the court had jurisdiction to enter a judgment against them. If the appellant had a valid claim against said corporations, she had a right to recover a judgment against them therefor. If the corporations had no officers or agents upon whom service could be had, we know of no

124

more effective way of acquiring jurisdiction over the corporations than by suing the corporations and giving notice thereof to each of the stockholders. It is probably true that no citation was issued in this case for the corporation and that no formal appearance was made by or on behalf of them, but recovery was sought against them and the pleadings were sufficient to state a cause of action, and all of those having a beneficial interest in the corporations were before the court taking part in the trial and knew that a judgment was being sought against the corporations owned by them. We, therefore, hold that the corporations were before the court in such manner as to authorize the entry of judgment against them.

■■■■ Was the trial court correct in holding that appellant's claim should be satisfied out of the assets of said corporations and not out of the general assets of the deceased's estate? Her claim was for expenses incurred in operating the business of said corporations after the death of T. M. Dilworth. At common law, where a deceased's representative is authorized to carry on a business belonging to an estate, only such assets of the estate as are invested in the business at the time of decedent's death can be considered as trade assets, and in the absence of some clear authority in the will, the other property of the estate cannot be subjected to the risk of trade or made liable for debts contracted by the representative in carrying on the business. 24 C.J. 60; Smith v. Ayer, 101 U.S. 320, 25 L.Ed. 955. In Texas an executor is expressly authorized by statute to carry on a business belonging to the estate where there is no testamentary direction to the contrary and where the immediate disposition of the property is not necessary for the payment of debts. Revised Statutes, art. 3427; 13 Tex.Jur. 756. The authorities indicate that by virtue of the provisions of the statute above cited debts so incurred in operating a business by the decedent's representative become a charge against the general assets of the estate. See, in this connection, 14 Tex.Jur. 497 to 505; Altgelt v. Alamo Nat. Bank, 98 Tex. 252, 83 S.W. 6; McMillan v. Hendricks' Estate (Tex.Civ.App.) 46 S.W. 859; Dwyer v. Kalteyer, 68 Tex. 554, 5 S.W. 75; Stoughton Wagon Co. v. S. G. Dreyfus Co. (Tex.Civ.App.) 181 S.W. 703. But regardless of what may be the rule with reference to the liability of the estate gener-

ally for debts incurred in the continuation of a business belonging to the estate, we think it necessarily results that there should be no such liability in this case for debts incurred in the operation of the business belonging to these corporations. A corporation is a legal entity entirely distinct from its members, and, in the absence of fraud or other misconduct sufficient to invoke the doctrine of estoppel, its stockholders are not liable for the debts of the corporation. And the fact that all of the stock belongs to one stockholder does not alter the rule so long as the corporate existence is maintained. 10 Tex.Jur. 641 to 651; 14 C.J. 949. Under the rule above announced, T. M. Dilworth would not have been liable for the debts of these corporations incurred during his lifetime. If the testator had definitely segregated this part of his business so that during his lifetime only the assets embarked therein would be liable for debts contracted in that particular business, for a still better reason, we think, his estate generally, other than that invested in the stock of these corporations, ought not to be liable for debts incurred in the operation of the business of these corporations after his death. 13 Tex.Jur. 757; Accidental Oil Mills v. Tomlinson (Tex. Civ.App.) 8 S.W.(2d) 558. Therefore, the trial court properly held that appellant's claim for her own salary as manager in operating said corporations and the expenses incurred by her therein were charges against said corporations only and not against the general assets of the estate of said deceased.

■■■ Appellees also contend that the appellant did not operate said abstract plant in good faith and for the best interest thereof, and that she did not exercise reasonable diligence in continuing said business, and that by reason thereof she should not be allowed to recover for the expenses so incurred. The evidence shows that during the thirty-four months that appellant operated the abstract plant from the date of the death of T. M. Dilworth to the date of the trial of this case, the average expenses incurred in operating said business amounted to $250 per month while the average income amounted to only $45 per month. The largest income received in any one month amounted to only $146. This evidence tends strongly to indicate that appellant exercised very poor discretion in continuing the business. However, there was evidence which tended to show

that the value of the plant would have materially depreciated had it not been kept up to date and in operation. The evidence also indicated that within approximately one year after the death of T. M. Dilworth, appellant brought this suit and sought partition of the estate, and that but for the delay in the partition of the estate caused by appellees there would have been no occasion for appellant to continue the operation of the business at so great a loss. Whether or not appellant so grossly mismanaged the business as to justify the denial of her right to compensation and expenses incurred in connection therewith was a question of fact for the trial court, and since that court resolved that issue in favor of appellant we do not feel at liberty to disturb the judgment in that respect.

■ By cross-assignments the appellees complain because the court allowed the attorneys for appellant a fee of $500 out of the assets of T. M. Dilworth estate for the prosecution of this suit on behalf of Mrs. Hake. The suit appears to have been brought by Mrs. Hake as one of the devisees under the will against the other devisees for partition of the estate. In addition, she contested the right of Tom G. Dilworth, another one of the devisees, to recover a certain bequest of $900 made to him under the will and sought to recover judgment for her own salary and expenses incurred in operating the abstract plant above referred to. She prayed that in the event she should not be allowed to recover against the assets of the estate generally for such salary and expenses that she be awarded a personal judgment therefor against the corporations owning said abstract plant. The suit for partition and to cancel the devise in favor of Tom G. Dilworth was not brought on behalf of the estate in the necessary administration thereof, but was brought by appellant as a private litigant for her own personal benefit and therefore any expenses so incurred for attorney's fees was not a proper charge in the administration of said estate. Dyess v. Rowe (Tex.Civ.App.) 177 S.W. 523; O'Neil v. O'Neil (Tex.Civ.App.) 77 S.W. (2d) 554; Ogden v. Shropshire & Adkins (Tex.Civ.App.) 37 S.W.(2d) 249. The same thing is true with reference to appellant's action to recover for her own salary and for expenses incurred in the operation of the abstract plant. That part of the suit was brought by her against the

estate and not for and on behalf of the estate, and consequently the estate is not liable for attorney's fees so incurred. Bell v. Goss, 33 Tex.Civ.App. 158, 76 S.W. 315; Rowe v. Dyess (Tex.Com.App.) 213 S.W. 234, par. 2. Under these circumstances, the court should not have allowed said attorneys a claim against the estate for their fee for the prosecution of this suit.

■ The trial court found that certain trade-names claimed to belong to the estate, to wit, the names "T. M. Dilworth Abstract Company" and "Waco Title Company," had no value and entered a judgment enjoining the appellant and appellees from using said trade names. There were no pleadings praying for such relief, and consequently this part of the judgment was unauthorized.

■ After the death of T. M. Dilworth, Mrs. Lucenay, one of the devisees, executed and delivered to Tom G. Dilworth, another one of the devisees, two chattel mortgages on a one-third interest in and to the abstract plant hereinbefore referred to and all other physical properties used in connection therewith, and also Mrs. Lucenay's interest in the capital stock of the two corporations owing the abstract plant in question. The court, at the instance of the appellant, canceled said mortgages in so far as they pertained to the physical assets of said corporations, but held that the mortgages were valid in so far as they affected Mrs. Lucenay's interest in the capital stock of the corporations. There was no error on the part of the court in canceling said mortgages in so far as they pertained to the physical properties belonging to said corporations. Since these properties belonged to the corporations, Mrs. Lucenay, as one of the stockholders, had no right to mortgage the same. 14 C.J. 54; Parker v. Bethel Hotel Co., 96 Tenn. 252, 34 S.W. 209, 31 L.R.A. 706; Rough v. Breitung, 117 Mich. 48, 75 N.W. 147. Appellees' cross-assignment of error in this respect is overruled.

The judgment enjoining appellant and appellees from using the trade-names "T. M. Dilworth Abstract Company" and "Waco Title Company" is reversed and set aside, and that part of the judgment allowing the attorneys for appellant a fee out of the assets of the estate of deceased for the prosecution of this suit is set aside and recovery therefor is denied. The judgment of the trial court in all other respects is affirmed.

The result of this appeal is such as to invoke the rule for the equitable apportionment of the costs incurred in this appeal. J. I. Case Threshing Machine Co. v. Manes (Tex.Com.App.) 254 S.W. 929, par. 10. Accordingly, the costs of this appeal will be apportioned one-half to the appellant and one-half to the appellees.