In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-04-00028-CR
______________________________


DANIEL E. SMITH, Appellant
Â 
V.
Â 
THE STATE OF TEXAS, Appellee


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

On Appeal from the 71st Judicial District Court
Harrison County, Texas
Trial Court No.03-0315X


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Justice Carter


MEMORANDUM OPINION

Â Â Â Â Â Â Â Â Â Â Â Â On December 30, 2003, Daniel E. Smith waived a jury trial and pled guilty to two counts of
burglary of a habitation. The indictment further alleged Smith had been previously and finally
convicted of a felony offense, burglary. Smith pled true to the enhancement allegation contained in
the indictment. There was no negotiated plea agreement regarding punishment in this case. 
Â Â Â Â Â Â Â Â Â Â Â Â After admonishing Smith regarding the enhanced punishment range applicable in this case
(five to ninety-nine years, or life), the trial court accepted Smith's guilty plea. The trial court then
heard evidence and argument regarding punishment. The trial court ultimately sentenced Smith to
imprisonment for life. Smith then appealed the trial court's judgment.
Â Â Â Â Â Â Â Â Â Â Â Â On July 12, 2004, Smith's appellate counsel filed an Anders


 brief in which he professionally
discussed the record, described the issues reviewed, and concluded there were no arguable grounds
for appeal. As required by Anders, he also filed a motion to withdraw. Counsel sent Smith a copy
of the appellate brief and informed Smith of his right to file a pro se response and of his right to
review the record. 
Â Â Â Â Â Â Â Â Â Â Â Â This Court informed Smith at that time his response, if any, was due by August 11, 2004. 
As of this date, we have not received a pro se response. 
Â Â Â Â Â Â Â Â Â Â Â Â We have independently reviewed the record and the brief filed by counsel in this appeal, and
we agree there are no arguable issues that would support an appeal in this case. Smith's guilty plea
was knowingly, intelligently, and voluntarily given. With respect to punishment considerations, the
trial court had before it evidence that Smith had a long history of drug abuse, that he stole as a means
of supporting that drug habit, and that he had become involved with the Aryan brotherhood. These
considerations do not lend themselves to a finding that the trial court abused its discretion in
assessing Smith's punishment, especially since punishment was assessed within the range provided
for by statute. See Tex. Pen. Code Ann. Â§Â 12.32 (Vernon 2003) (first-degree felony punishment
range is five to ninety-nine years or life); Tex. Pen. Code Ann. Â§ 12.42(b) (Vernon Supp.
2004â2005) (enhancement of second-degree felony to first-degree punishment range based on prior
felony conviction); Â§ 30.02 (Vernon 2003) (burglary of a habitation is a second-degree felony). Â Â Â Â Â Â Â Â Â Â Â Â We affirm the trial court's judgment.
Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Jack Carter
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Justice
Â 
Date Submitted:Â Â Â Â Â Â Â Â Â Â September 22, 2004
Date Decided:Â Â Â Â Â Â Â Â Â Â Â Â Â September 23, 2004

Do Not Publish




ate, whether successful or not, he shall be allowed out
of the estate his necessary expenses and disbursements, including reasonable
attorney's fees, in such proceedings.

 

Tex. Prob. Code Ann. §Â 243 (Vernon 2003) (emphasis added). "Personal representatives of estates
shall also be entitled to all necessary and reasonable expenses incurred by them in the preservation,
safekeeping, and management of the estate . . . and all reasonable attorney's fees, necessarily incurred
in connection with the proceedings and management of such estate, on satisfactory proof to the
court." Tex. Prob. Code Ann. Â§Â 242 (Vernon 2003).

 In Drake v. Muse, Currie & Cohen, the Fifth Court of Appeals reviewed the propriety of a
trial court's order granting an administratrix's reasonable attorney's fees expended by the
administratrix of an estate in connection with contesting an application to probate a foreign will. 532
S.W.2d 369, 371 (Tex. App.--Dallas 1975), writ ref'd n.r.e. (per curiam), 535 S.W.2d 343 (Tex.
1976). The executor of the Texas will asserted that her contest of the foreign will "was an activity
undertaken in 'the preservation, safe-keeping, and management of the estate.'" Id. at 374. The
appellate court disagreed. It wrote, 

 While no one doubts the right of Mrs. Holt, as administratrix, to resist the application to
probate the foreign will, we find no authority, either in the Probate Code or by decisions of
courts of this state, which would impose upon her a legal duty to resist the application. It is
entirely possible that the rights of the heirs of the estate may be altered if the foreign will is
admitted to probate in Texas. However, the mere fact that the share of an heir is altered or
exhausted does not of itself create a legal duty on the part of the administratrix to take action
pursuant to Â§ 242 of the Probate Code and to allow the resulting attorney's fees to be
charged to the estate.

Id. (emphasis added). We find Drake to be both persuasive and dispositive in deciding Bobbie's first
issue.

 Bobbie contends Goolsby's failure to defend Lonie's will necessitated her coming to the
estate's rescue. Bobbie's view, however, overlooks the fact that Goolsby had no legal duty as the
estate's successor administrator to take action. This is because the claim of the plaintiffs who filed
the action for a declaratory judgment did not constitute an attack on the validity of the entire will;
rather, it involved only the construction of a particular provision of the will itself. The entire will
was never under attack. The plaintiffs' claims sought only to alter or construe a specific provision
of the will to correct what they argued was a scrivener's error (an error which would result in the
failure of a specific devise within the will). If the plaintiffs who brought the declaratory judgment
action had successfully prosecuted their claim, it would not have disposed of Lonie's will; it would
have simply altered the identity of some of the persons who took under a specific devise in that will. 
The fact that Bobbie, as residuary devisee, otherwise stood to inherit this failed specific bequest does
not thereby convert the declaratory judgment plaintiffs' claims into an attempt to thwart the terms
of the will. 

 It may develop in the future that Goolsby might opt to protect himself by bringing an action
to construe the terms of the will, rather than making a unilateral determination of the particular
devise in question. However, he does not have an absolute duty to do so. Unless Goolsby had a
legally imposed duty to act, Bobbie (acting in her capacity as a devisee under the will) could not step
into Goolsby's shoes, purport to defend the lawsuit on behalf of the estate, and claim an absolute
right to be reimbursed by the estate any attorney's fees expended in that effort. 

 In contrast to the first portion of Section 243 (making provision for a potential or acting
personal representative to defend a will), quoted above, at the time the declaratory judgment action
was being prosecuted and defended, Bobbie--who was then no longer representative of the
estate--could only fall within the second classification of persons who have the right to defend a
will: "a devisee, legatee, or beneficiary in a will" who is acting in "good faith, and with just cause." 
Section 243 provides that this kind of defender of a will "may be allowed out of the estate his
necessary expenses and disbursements, including reasonable attorney's fees, in such proceedings." 
Tex. Prob. Code Ann. Â§Â 243 (emphasis added). "May" does not mean "shall" or "must be." The
trial court had the discretion to either award attorney's fees or deny them under this section of the
Probate Code. Skinner v. Moore, 940 S.W.2d 755, 758 (Tex. App.--Eastland 1997, no writ). 
Bobbie has done nothing to show that the trial court abused that discretion.

 The trial court did not abuse its discretion by denying Bobbie's request. We overrule
Bobbie's first point of error.

Attorney's Fees in Connection with Contesting Removal As Dependent Administratrix

 In her second point of error, Bobbie raises the following issue:

 When an administrator makes a "good faith" challenge to her removal, isn't she
allowed to collect her attorney fees which accumulates as a result of the challenge in
accordance to any applicable statute, but particular Â§242 of the Texas Probate Code
and/or Tex. Civ. Prac. & Rem. Code[?]

Bobbie asked the trial court to order the estate to reimburse her for $47,989.15 (5) in attorney's fees in
connection with her challenge to being removed as the dependent administratrix of Lonie's estate. 

 In ruling on Bobbie's request, the trial court stated in a letter to the parties:

 I have completed my review of all of your briefing and Mr. Belt's application
for attorney's fees. At first reading, it would appear that Mr. Belt's request for
attorney's fees should be granted only as to those efforts expended by him in
defending "in good faith" any applications to remove Bobbie Washington. The only
statutory authority of any import cited by Mr. Belt in support of his request for
attorney's fees is Section 149c of the Texas Probate Code.

 

 However, it is clear that Section 149c of the Texas Probate Code applies only
to independent administrations. (6)
 I ruled during the removal hearing that Bobbie
Washington's administration was not an independent administration and that ruling
remains the same today.

 

 Therefore, finding no statutory authority to allow me to grant Mr. Belt's
application, it must be denied.

We note that Bobbie's written application (which was filed with the probate court) asking for
$47,989.15 in attorney's fees fails to cite any statutory or caselaw authority to support her request. 

 Our review of the record does not show Bobbie preserved this claim for $47,989.15 in
attorney's fees (for the removal contest) by specifically drawing the trial court's attention to a claim
made (on appeal, but not before the trial court) pursuant to either Section 242 of the Probate Code
or Section 37.004 (or Section 37.009) of the Texas Civil Practice and Remedies Code. Thus, this
second issue was not preserved for appellate review. See Tex. R. App. P. 33.1(a)(1).

 Moreover, even if Bobbie had preserved this issue for our review by first making a timely
request at the trial court level for $47,989.15 in attorney's fees (expended in connection with
contesting her removal) pursuant to either Section 242 of the Texas Probate Code or the Texas Civil
Practice and Remedies Code, we would not be persuaded to rule in her favor. "Personal
representatives" of an estate are "entitled to all necessary and reasonable expenses incurred by them
in the preservation, safekeeping, and management of the estate . . . and all reasonable attorney's fees,
necessarily incurred in connection with the proceedings and management of such estate, on
satisfactory proof to the court." Tex. Prob. Code Ann. Â§Â 242. However, Bobbie's claim for
attorney's fees expended in connection with her contesting her removal as administratrix involved
neither the preservation or safekeeping of the estate, nor the "management of the estate" as that
phrase is used in Section 242.

 The Fourth Court of Appeals has previously held that attorney's fees expended in connection
by one who contests his own removal as administrator of the estate, especially where "[t]he evidence
fails to show that the contest for the administratorship was in the interest of the estate, but indicates
it was rather in the interest of [the removed administrator]" should not be permitted. Dyess v. Rowe,
177 S.W. 523, 523 (Tex. Civ. App.--San Antonio 1915), aff'd in part & rev'd in part on other
grounds, 213 S.W. 234 (Tex. Comm'n App. 1919, judgm't adopted). We agree.

 Here, the trial court had before it evidence that Bobbie had, while she was the dependent
administratrix of this estate, been distributing money from the estate to herself without first obtaining
the trial court's approval to do so. Upon discovering this conduct, the trial court ordered Bobbie to
repay money to the estate. In addition, Bobbie had failed to file several annual accountings during
her administration of the estate, accountings which are required for all dependent administrations. 
These acts suggest malfeasance. Cf. Tindall v. State, 671 S.W.2d 691, 693 (Tex. App.--San Antonio
1984, writ ref'd n.r.e.) ("It is thus apparent that when the fiduciary's omission or malfeasance is at
the root of the litigation, the estate will not be required to reimburse the fiduciary for his or her
attorneys' fees. Such fees are not necessarily incurred in connection with the management of the
estate."); In re Higganbotham's Estate, 192 S.W.2d 285, 290 (Tex. Civ. App.--Beaumont 1946, no
writ). As the Dyess court wrote, "[N]o estate should be made to pay for the luxury of a contest
among heirs or legatees as to the administrator." 177 S.W. at 524. 

 The trial court properly held that Bobbie may not recover the attorney's fees incurred by her
while contesting her removal as the administratrix. We overrule her second point of error.

Appellee's Request for Sanctions

 Finally, Goolsby has, by and through his attorneys, filed two requests asking this Court to
levy sanctions against Bobbie for filing this appeal. Goolsby's first request was for $9,405.54, an
amount that reflects what Goolsby's attorney charged to handle the appeal and to prepare the first
motion for sanctions. Goolsby's second request was for attorney's fees charged in connection with
the preparing and mailing of an "appellee's surreply brief" in this case; this second requested sanction
was for an additional $3,350.00. Goolsby's requests for sanctions seek to recover attorney's fees
under our Rules of Appellate Procedure. See Tex. R. App. P. 45. 

 In pursuit of such relief, it is Goolsby's burden to show that Bobbie "had no reasonable
ground to believe that the judgment would be reversed." In re Estate of Davis, 216 S.W.3d 537, 548
(Tex. App.--Texarkana 2007, pet. denied); St. Louis Sw. Ry. Co. v. Marks, 749 S.W.2d 911, 915
(Tex. App.--Texarkana 1988, pet. denied). For this Court to award the requested amounts, we must
first find that Bobbie's appeal was frivolous. Tex. R. App. P. 45. We do not reach such a conclusion. 
With respect to the first amount requested of $9,405.54, even though Bobbie's argument failed to
persuade us that the trial court erred and even though the grounds upon which the appeal was
prosecuted were based on a paper-thin foundation, we do not believe the record before us
conclusively demonstrates Bobbie patently lacked any reasonable belief based in law that her appeal
did not constitute an informed, good-faith challenge to the trial court's judgment or did not otherwise
constitute an effort to create new law in this area of probate law. Cf. Davis, 216 S.W.3d at 548;
Long Trusts v. Atl. Richfield Co., 893 S.W.2d 686, 689 (Tex. App.--Texarkana 1995, no writ). 
Therefore, the initial amount of $9,405.54 is inappropriate under Rule 45. 

 With respect to the second amount of $3,350.00 requested in connection with Goolsby's
attorney's fees for preparing and mailing a surreply brief, we also find sanctions to be inappropriate. 
Our Rules of Appellate Procedure do not expressly permit the filing of a surreply brief by an
appellee; such filings are permitted at this Court's discretion. See generally Tex. R. App. P. 38.1,
38.2, 38.3, 38.7. In this case, we did not accept Goolsby's surreply brief for filing. We are not
persuaded that Bobbie should be required to pay the costs of preparing a document for filing that was
ultimately not accepted for filing with the appellate court.

Conclusion

 The trial court did not abuse its discretion by denying both of Bobbie's requests for attorney's
fees. At this time, we decline the opportunity to grant the estate's motion for appellate sanctions
against Bobbie.

 We affirm the trial court's judgment.



 

 Bailey C. Moseley

 Justice


Date Submitted: April 30, 2009

Date Decided: June 30, 2009
1. This appeal is following a well-worn path. Several appeals involving Lonie's estate have
been previously presented to this Court. In re Estate of Washington, 262 S.W.3d 903, 904 (Tex.
App.--Texarkana 2008, no pet.); In re Estate of Washington, No.Â 06-96-00010-CV, 1996 Tex. App.
LEXIS 4414 (Tex. App.--Texarkana Oct. 7, 1996) (not designated for publication), op. on reh'g,
1996 Tex. App. LEXIS 5333 (Tex. App.--Texarkana Dec. 3, 1996, writ denied) (not designated for
publication); In re Estate of Washington, No. 06-08-00016-CV, 2008 Tex. App. LEXIS 2917 (Tex.
App.--Texarkana Apr. 23, 2008, no pet.) (mem. op.); see also In re Washington,
No.Â 06-98-00001-CV (Tex. App.--Texarkana Jan. 7, 1998, no pet.) (not designated for publication). 
2. The Texas Supreme Court recently noted that "as early as 1848, a Texas testator has been
able to opt for the independent administration of his estate, including the right to pick his own
independent executor." Kappus v. Kappus, No. 08-0136, 2009 Tex. LEXIS 296, at *4 (Tex.
MayÂ 15, 2009) (footnote omitted). The Kappus court further noted that an independent administrator
may be removed by the county court when any of six statutory grounds for removal have been met. 
Id. (citing Tex. Prob. Code Ann. Â§Â 149C(a)(1)-(6) (Vernon Supp. 2008). The difference between
Kappus and the case now before us is that Bobbie is a dependent, rather than an independent,
administratrix, as a matter of law. Washington, 262 S.W.3d 903. An administratrix in a dependent
administration "can perform only a limited number of transactions without seeking a court's
permission, such as paying taxes, voting stocks, insuring property, and releasing liens upon full
payment." Eastland v. Eastland, 273 S.W.3d 815, 821 (Tex. App.--Houston [14th Dist.] 2008, no
pet.) (citing Tex. Prob. Code Ann. Â§Â 234(b) (Vernon 2003)). 
3. Although Section 37.004 of the Texas Civil Practice and Remedies Code is not mentioned
further in her brief, we assume Bobbie is making reference to Section 37.009, which is the attorney's
fees section of Chapter 37 of the Texas Civil Practice and Remedies Code. Even so, since there is
no argument or rationale presented that the Texas Civil Practice and Remedies Code is a basis for
recovery of attorney's fees, we do not examine any claim of justification for the payment of attorney's
fees under it. Tex. R. App. P. 38.1(h).
4. We note that some of this amount also appears to relate to Bobbie's claim for attorney's fees
in her second appellate issue. Neither the trial record nor Bobbie's appellate brief attempts to offer
a breakdown of this total as it might be allocated between the separate claims. This failure, however,
will not affect our resolution of the issues raised because the reasonableness of this undivided
entirety has not been challenged by Goolsby.
5. Again, this likely includes amounts for attorney's fees and expenses incurred by Bobbie in
connection with her first appellate issue (having to do with the declaratory judgment action). 
However, this failure to segregate the fees associated with these two distinct claims does not
ultimately prevent us from disposing of the legal issues raised on appeal.
6. "An independent executor who defends an action for his removal in good faith, whether
successful or not, shall be allowed out of the estate his necessary expenses and disbursements,
including reasonable attorney's fees, in the removal proceedings." Tex. Prob. Code Ann. Â§Â 149C(c)
(Vernon Supp. 2008).