## STOUGHTON WAGON CO. v. S. G. DREYFUS CO. (No. 24.)*

(Court of Civil Appeals of Texas. Beaumont. Dec. 2, 1915. Rehearing Denied Jan. 6, 1916.)

EXECUTORS AND ADMINISTRATORS ⬤≈261 — CLAIMS—PRIORITIES—"EXPENSES OF ADMINISTRATION" — CARRYING ON DECEDENT'S BUSINESS.

Where an administratrix, under authority of Vernon's Sayles' Ann. Civ. St. 1914, art. 3351, and order of the court, carried on decedent's mercantile business, the cost of replenishing the stock is included in "expenses of administration," which, under articles 3458 and 3460, are entitled to priority of payment over general claims existing before administratrix's appointment.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 944–974; Dec. Dig. ⬤≈261.

For other definitions, see Words and Phrases, First and Second Series, Expenses.]

Appeal from District Court, Nacogdoches County; L. D. Guinn, Judge.

By judgment of the district court, reversing the judgment of the county court, the claim of S. G. Dreyfus Company against the estate of E. R. Stallings, deceased, was given priority, and the Stoughton Wagon Company appeals. Affirmed.

This case is presented to us upon an agreed statement, as follows:

"It is agreed by the parties hereto that this cause was tried in the district court of Nacogdoches county, Tex., February 12, 1915, and the following agreement is submitted to the court of Civil Appeals and the Supreme Court for determination, waiving formalities:

"First. E. R. Stalling, who was engaged in general mercantile business at Garrison, Nacogdoches county, Tex., died intestate on February 10, 1913.

"Second. That his wife, Ida Stalling, was appointed as temporary administratrix, February 26, 1913, under the following order entered by the probate court of said county: 'Mrs. Ida Stalling, having made application for appointment as temporary administratrix of the estate of E. R. Stalling, deceased, she is hereby appointed temporary administratrix of the estate of E. R. Stalling, deceased, with full authority to exercise the following rights and powers with regard to said estate: (a) She shall have authority to collect all life insurance policies owned by said E. R. Stalling at the time of his death on his life. * * * (b) The said Mrs. Ida Stalling, temporary administratrix, is further authorized and impowered to take charge of and carry on the mercantile business at Garrison, Tex., belonging to the estate of E. R. Stalling, and to make such purchases of merchandise in order to carry same on and pay out such amounts of money for all purchases so made and for the purchases made prior to the death of said E. R. Stalling, as may be necessary to successfully carry on said business. (c) The right to collect and receipt for all debts which may be due the estate. * * *'

"Third. That Mrs. Ida Stalling was appointed by the court April 22, 1913, permanent administratrix and duly qualified as such.

"Fourth. The administratrix filed an inventory May 20, 1913, showing assets $10,173.83, and liabilities $7,668, and of this amount there is listed in the inventory the stock of merchandise $9,000, but by the appraisers discounted 40 per cent., and inventoried at $5,400.

"Fifth. The administratrix carried on said mercantile business, buying and selling merchandise, until about the 25th of December, 1913, when she sold same at public sale, receiving net from the stock of goods realized from private and public sale, $4,061.04.

"Sixth. All of the assets consist of cash on hand, $4,061.04, and the estate owes about $16,000.

"Seventh. That the appellee sold the administratrix, as a wholesaler, goods, wares, and merchandises, after she qualified as administratrix, and while she was carrying on said business, for the purpose of enabling her to carry it on.

"Eighth. That said estate owes appellant the Stoughton Wagon Company, on open account, $44.75, and one note for $627, dated January 16, 1913, due October 15, 1915, bearing 8 per cent. interest and which account and note represents the purchase price of wagons sold E. R. Stalling in his lifetime by the Stoughton Wagon Company, against which wagons there was a mortgage lien taken, which was duly registered in chattel mortgage records of Nacogdoches county, Tex., April 12, 1913, in Mortgage Book X, No. 947 and it was an indebtedness made prior to the death of E. R. Stalling, but not agreed that said wagons were on hand when said Stalling died.

"Ninth. That the claims of both appellants and appellee were properly made out and in due time filed and docketed on the claim docket of said court in said cause, but not classified, but in due time were presented for classification, by both appellant and appellee.

---

"Tenth. At the November term, 1914, of the county court, S. G. Dreyfus Company et al. presented their application to the court, asking the court to enter an order classifying all claims made by the administratrix in carrying on said mercantile business, as second-class claims, and that they be preferred over the pre-existing indebtedness of said estate, and be paid in full before the payment of any funds of said estate on any other ordinary pre-existing claims, and to which petition Stoughton Wagon Company, appellant, and others, filed written objections, asking that said claims be not so classified, but be prorated among all the creditors of E. R. Stalling estate, and upon a hearing thereof said probate court entered a decree as follows: ' * * * This day coming on to be considered the report of administratrix, filed September 17, 1914, showing her conduct of the affairs of the estate, and showing cash in her hands amounting to $4,061.04, same is not acted on; and at the same time coming on to be heard the petition of S. G. Dreyfus Company, a creditor of the estate for debts incurred by the administratrix for mercantile purposes, for the estate's commercial business since the opening of this administration, asking that said claim be preferred over the pre-existing indebtedness of said estate, and be paid in full before the payment of any fund of the estate on pre-existing claims; and at the same time coming on to be heard similar petitions for the following named like creditors, viz.: S. G. Dreyfus Company, Tom Padgett Company, Nacogdoches Grocery Company, Ardis & Co., Collins County Milling & Elevator Company, Hargrove Manufacturing Company, Rice-Stix Dry Goods Company, and said petitions being heard and considered by the court, the same are not granted, but denied. And it is the opinion of the court, and so adjudged, that the duly proven claims of general creditors of said E. R. Stalling before his death, and the claims as reported in said report by the administratrix as debts incurred by her in carrying on the mercantile business of the estate, amount to $8,621.05, are all fourth-class claims against said estate, and of equal standing, and all entitled to be paid in the same proportion, and to receive an equal pro rata distributive payment of the funds of said estate. And the administratrix is ordered to pay, according to law, this judgment; after reserving an amount necessary to pay the costs of administration. To this judgment of the court on classification of claims, the petitioners, S. G. Dreyfus Company, Tom Padgett Company, Nacogdoches Grocery Company, Ardis & Co., Collins County Milling & Elevator Company, in open court excepted and gave notice of appeal to the district court of Nacogdoches county.'

"Eleventh. The appellee herein, S. G. Dreyfus Company, appealed from said judgment to the district court of Nacogdoches county, Tex., and on February 12, 1915, said cause was submitted to the district court on the facts herein stated, and the court rendered judgment as follows: 'February 12, 1915. The issues herein involved, as hereinafter set out, coming on to be heard this day on appeal of S. G. Dreyfus Company from the judgment of the county court in the matters as set out in the pleadings of said Dreyfus Company, petitioners, as contested by the Stoughton Wagon Company, which judgment of the county court was against the appellant, S. G. Dreyfus Company, and other parties joining in said petition, and ordered the administratrix of this estate to pay all claims against said estate owing before the death of deceased, and all claims growing and made by the administratrix of said estate in carrying on the mercantile business of the estate in equal proportions, and all as fourth-class claims against said estate, and parties plaintiff and defendant appearing, by their counsel announced ready for trial and submitted the matters in controversy, as well of fact as of law to the court, and, the evidence and argument of counsel being heard and con-

sidered, it is the opinion of the court that the judgment of the county court, as rendered therein on November 27, 1914, as the same appears in the minutes of said court, Book No. O, p. 106, was erroneous and not justified by the law. It is the opinion of this court that the law is with petitioner S. G. Dreyfus, which petition sets out that said Dreyfus Company is the creditor of the administratrix of the estate of E. R. Stalling for the amount of $2,706.13, for goods sold to said administratrix for said estate in the continuance and carrying on of the mercantile business of said estate, and asked the payment of said indebtedness as a preferred claim over the general debts of said estate due to creditors, or existing before the death of said E. R. Stalling, and that such ordinary debts against said estate, existing before the death of said E. R. Stalling, be not paid or any portion of them, until the satisfaction of the said petitioners' debts, and other similar indebtedness incurred by said administratrix in carrying on and the management of said mercantile business. Wherefore it is ordered, adjudged, and decreed by the court that the said claim of said S. G. Dreyfus Company, when duly and legally established as an indebtedness against said estate, incurred by the administratrix for merchandise purchased by her in carrying on and continuing the mercantile business of E. R. Stalling, deceased, and all other similar claims against such estate, when duly established, be and the same shall be paid by the administratrix of said estate in preference to all fourth-class claims existing against said estate, as incurred by the said E. R. Stalling, deceased, before his death, and that the said fourth-class claims for indebtedness of said E. R. Stalling, incurred by him before his death, shall not be paid out of funds on hand, held or to be held by said administratrix, until the said preferred indebtedness of said Dreyfus Company, and other similar claims, duly approved, shall be fully paid up and discharged. It is further ordered, adjudged, and decreed by the court that the Stoughton Wagon Company pay all costs herein incurred on this appeal, and in this court, for which execution may issue. And the clerk of this court is ordered to make a certified copy of this judgment and transmit it to the county court of Nacogdoches county for observance of the matters involved.'

"Twelfth. The Stoughton Wagon Company filed its motion for new trial, which was duly presented, and by the court, on the 26th day of March, 1915, overruled, to which defendant excepted and gave notice of appeal.

"Thirteenth. It is agreed that the district court judgment shall be affirmed, provided the court should hold that the claims which have been properly proven up and made by the administratrix in carrying on said mercantile business should be paid before and in preference to the debts made by E. R. Stalling in his lifetime."

C. A. Hodges, of Nacogdoches, for appellant. Blount & Strong, of Nacogdoches, and S. H. Sanders, of Center, for appellee.

CONLEY, C. J. (after stating the facts as above). The one question involved under the several assignments of error filed by the appellant in this cause relates to the action of the court in allowing as a preference the debts incurred by the administratrix in carrying on the mercantile business during the time she was administering the estate, over the debts of general creditors of the decedent, and which debts were existing claims against the estate at the time the administratrix was appointed, and we proceed to consider only the matter of the classification of the claims.

Article 3458, Vernon's Sayles' Texas Civil

Statutes, on the classification of claims, provides as follows:

"The claims against an estate shall be classed and have priority of payment as follows: (1) Funeral expenses and expenses of last sickness. (2) Expenses of administration and expenses incurred in the preservation, safe-keeping and management of the estate. (3) Claims secured by mortgage or other liens so far as the same can be paid out of the proceeds of the property subject to such mortgage or other lien, and, when more than one mortgage or lien shall exist upon the same property, the oldest shall be first paid; but no preference shall be given to such claims secured by mortgage or lien further than regards the property subject to such mortgage or other lien. (4) All claims legally exhibited within one year after the original grant of letters testamentary or of administration. (5) All claims legally exhibited after the lapse of one year from the original grant of letters testamentary or of administration."

Article 3460, Vernon's Sayles' Texas Civil Statutes, specifying in what instance the executor or administrator shall pay claims, provides as follows:

"Executors and administrators, whenever they have funds in their hands belonging to the estate they represent, shall pay—(1) Funeral expenses and expense of last sickness, if the claims therefor have been presented within sixty days from the original grant of letters testamentary or of administration, but if not presented within such time their payment shall be postponed until the allowances made to the widow and children, or either are paid. (2) Allowances made to the widow and children, or either. (3) Expenses of administration and the expenses incurred in the preservation, safe-keeping and management of the estate. (4) Other claims against the estate in the order of their classification."

Article 3459, Vernon's Sayles' Civil Statutes, providing for the pro rata payment of claims where the estate is insolvent, reads as follows:

"Where there is a deficiency of assets to pay all claims of the same class, they shall be paid pro rata; and no executor or administrator shall be allowed to pay any claims, whether the estate is solvent or insolvent, except with their pro rata amount of the funds of the estate that have come to hand."

Article 3623, Vernon's Sayles' Texas Civil Statutes, provides as follows:

"Executors and administrators shall also be allowed all reasonable expenses necessarily incurred by them, in the preservation, safe-keeping and management of the estate, and all reasonable attorney's fees that may be necessarily incurred by them in the course of the administration."

Article 3351, Vernon's Sayles' Texas Civil Statutes, giving authority to carry on the business of the decedent, if it shall appear to be for the interest of the estate, was in all probability prompted by a recognition, upon the part of the Legislature, of the business principle that a mercantile business is more valuable as an asset if it is a going concern than otherwise, and for that reason, as a general rule, it would be an advantage to the estate and to all parties interested therein, including the creditors, to have the business operated and carried on until it was sold. The necessary expense to administer such a trust, incurred in the effort to maintain the business as a going concern, certainly should include the cost of replenishing the stock of merchandise; for if the merchandise be not kept up to the standard of such business, and replenished as necessity required, certainly the status quo of the business could not be maintained nor the business "carried on" as contemplated by the statute.

It has been held that attorney's fees incurred in defending a suit against an estate were included in expenses of administration, and entitled to a priority of payment over the general creditors. Williams v. Robinson, 56 Tex. 347; Ackermann v. Ackermann, 99 S. W. 889.

In the case of Rodgers v. Sturgis National Bank, 152 S. W. 1177, the costs incurred by the administratrix in the care, management, and keeping of a herd of cattle belonging to the estate, were allowed as expenses incurred in the management of the estate, and paid in full, although the estate was insolvent.

Article 3352, Vernon's Sayles' Civil Statutes, authorizes any person interested in any estate to file complaint in writing and for good cause shown to obtain an order of the court controlling the action of the executor or administrator in regard to carrying on such business. Under this statute, appellant in this case, if it was not satisfied with the way the administratrix was carrying on the commercial business belonging to the estate, had the right to invoke the powers of the probate court, and ample opportunity to learn, through such a proceeding, the status of such management and operation, and to have the court enter such orders in the premises as might have been necessary to protect and safeguard the rights of appellant and the other general creditors of the estate.

The fact that appellant and the other general creditors did not see fit to invoke the power of the probate court at a seasonable time to protect themselves, but stood by and allowed the administratrix to operate the business at a loss, is not a reason to be urged against recognizing the classification of the claim of appellee as expenses incurred in the management of the estate during its administration, and the allowance of the same as such.

We find no error in the judgment of the district court, and the judgment is in all things affirmed.

Affirmed.