**Millard L. DRAKE, Appellant,**

v.

**MUSE, CURRIE & KOHEN, Appellees.**

**No. 18699.**

Court of Civil Appeals of Texas,
Dallas.

Oct. 30, 1975.

Rehearing Denied Nov. 26, 1975.

Roy J. True, Dallas, for appellant.

Ralph W. Currie, Currie & Neilon, Dallas, for appellees.

CLAUDE WILLIAMS, Chief Justice.

Elizabeth Holt, administratrix of the estate of Eugene Dixon Duncan, deceased, applied to the probate court of Dallas County, Texas, for authorization to pay attorney's fees to the law firm of Muse, Currie & Kohen for services rendered to the administratrix in contesting an application to probate a will of Eugene Dixon Duncan, which had previously been admitted to probate in the state of New Hampshire and to substitute Millard L. Drake, the executor named in the New Hampshire will, for the administratrix. Drake opposed the claim, contending that attorney's fees were not legally allowable under Tex.Prob.Code Ann. § 242 (Vernon 1956). The probate court approved the claim in the amount of $12,771.10 and directed that amount be paid as an expense of administration. From that order, Drake appeals. We hold that the claim for attorney's fees, under the facts of this case, is not allowable and, therefore, reverse and render judgment.

This is a case of first impression and presents this question: whether an adminis-

tratrix, in her official capacity, has the duty to contest an application to probate a foreign will. All parties agree that an administratrix has the right to contest such an application. Appellant contends that, absent a duty to contest, the administratrix may not claim attorney's fees for expenses incurred in the contest of the foreign will. We agree.

Appellees presented a claim to the administratrix for legal services rendered on behalf of the estate. Such claim was limited to services performed in connection with their opposition to an application by appellant Drake, a resident of Massachusetts, to probate, as a foreign will, a written instrument previously admitted to probate in the state of New Hampshire. The claim presented set forth in detail the exact services rendered. Drake does not contest the reasonableness of the fee. The administratrix allowed the claim without change. Appellant Drake filed his objection to the claim, alleging that the services rendered were "not in connection with the administration of the estate herein" and did not benefit the estate, but rather benefitted the administratrix as an heir-at-law.

*Jurisdictional Questions*

We are confronted with two counterpoints attacking the jurisdiction of this court to hear the appeal. Appellees contend that the court lacks jurisdiction for these reasons: (1) Appellant failed to observe the jurisdictional requirements of Tex.R.Civ.P. 333 requiring that an appeal bond be filed within fifteen days after date of the order appealed from, and (2) appellant failed to observe the jurisdictional requirements of rule 336 which provides that the transcript, on appeal from the probate court to the district court, must be filed within thirty days from the date of the order appealed from.

The judgment of the probate court allowing the claim for attorney's fees was signed on March 26, 1975. Notice of appeal to the court of civil appeals was duly made and

filed on April 2, 1975. On April 22, 1975, appellant Drake deposited the sum of thirty dollars in cash with the county clerk of Dallas County, Texas, "in accordance with Rule 354, Rules of Practice and Procedure in Civil Actions, in lieu of a cost bond, appealing said costs to the Court of Civil Appeals for the Fifth Supreme Judicial District of Texas, sitting at Dallas, Texas." Thereafter on May 23, 1975, the transcript was filed in this court.

It is apparent from the record that appellant gave timely notice of appeal to the court of civil appeals and, twenty-seven days after the order appealed from, made a cash deposit in lieu of appeal bond, thereby complying with the requirements of Tex.R. Civ.P. 354, providing for a cost bond in cases appealed to the court of civil appeals. The record also reveals that, within sixty days from the order appealed from, appellant filed the transcript in this court in accordance with Tex.R.Civ.P. 386. Appellant contends, however, that the appeal of this case was governed not by Tex.R.Civ.P. 354 and 358, but rather by Tex.R.Civ.P. 333 and 336.

■ Prior to 1973, appeals from probate proceedings were to district courts, where the issues were tried *de novo*. However, in 1973, the legislature of Texas amended § 5 of the Texas Probate Code and thereby directed that final orders in probate matters shall be appealed to the courts of civil appeals. The question presented is whether the procedure to be followed in taking an appeal from the probate court to the court of civil appeals is now governed by rules 333 and 336 which governed appeals from the probate courts to district courts, or whether such appeal shall be governed by the rules applicable to other civil cases appealed to the court of civil appeals. We hold that, as a result of the legislative enactment of new § 5 of the Probate Code,

rules 333 and 336 are no longer applicable and that appellant has properly complied with rules 354 and 386.[1]

■ When a rule of civil procedure promulgated by the supreme court conflicts with a legislative enactment, the rule must yield. *Few v. Charter Oak Fire Insurance Co.,* 463 S.W.2d 424, 425 (Tex.1971). The amendment to Tex.Prob.Code Ann. § 5 (Vernon Supp.1974) stated that final orders in probate matters "shall be appealable to the courts of (civil) appeals." The rules appellees assert as controlling are found in the section captioned "Review of District Courts of County Courts Rulings." While we do not hold that captions to the Texas Rules of Civil Procedure have the full force of law, we do accept the captions as directive, and we do not hesitate to consider them as aids in interpreting the meaning and applicability of the rules. Furthermore, to sustain appellee's argument that rules 333 and 336 are controlling, we would be required to change the wording of those rules. Both rules make repeated references to dealing with the clerk of the district court and to powers which a district court may exercise in these matters. The language of these two rules unquestionably contemplates that they are applicable to an appeal to the district court. It is not within our authority to alter the wording of these rules in order that they convey the meaning appellees would impose upon them. It is significant that the legislature chose to amend the statute, in accordance with the constitutional amendment, without setting forth rules or even alluding to the rules of appellate procedure which would be applicable. When the legislature vests jurisdiction in the court of civil appeals and does not provide to the contrary, the general rules of procedure for perfecting appeal in the court of civil appeals apply by necessary implication. We hold, therefore, that appellant

---

1. Amendments to the Texas Rules of Civil Procedure, effective January 1, 1976, repeal rules 333 and 336. The amendment states: "Rules 332–351, inclusive, are repealed effective January 1, 1976: The Amend-

ment to Article V, Section 8, Tex.Const., and the enactment of S.B. 534, 64th Legislature, render these rules unnecessary."

perfected his appeal under the applicable rules of procedure and that this court has jurisdiction of the appeal.

### Action on Former Appeal

Appellees also contend that the right of the administratrix to charge the estate with expenses of contesting the foreign will has been settled by this court's refusal to dismiss a former appeal. We cannot agree.

■ The contest of the foreign will was tried in the probate court and appealed to the district court. Where the will was admitted to probate, an appeal was then taken to this court from that judgment of the district court. While the appeal was pending in this court, Drake filed a motion to dismiss in which he asserted that the appeal was not taken by the administratrix in her official capacity but was, in fact and in law, an appeal in her personal capacity and interest so that she would be required to post bond. We overruled this motion to dismiss the appeal. Appellees now assert that by our action in overruling the motion to dismiss, we impliedly held that the administratrix has a duty to appeal in her fiduciary capacity under the circumstances of this case and thereby implied that the legal services rendered were proper expenses of administration. We do not agree. The hearing on the motion was not a hearing on the merits. In refusing to dismiss the appeal, we recognized that Holt, as administratrix did have a right to appeal as an interested party. However, we did not say, nor can it be implied, that we held that an administratrix has a duty to appeal under the circumstances presented. Our action on that motion does not make any issues now presented *res judicata.*

### Administratrix's Attorney's Fees in Foreign Will Contest

We come now to the question of first impression presented by appellant: Does an administratrix of an estate in Texas have the authority to charge the estate of the decedent for attorney's fees incurred by the administratrix in contesting an executor's application to probate a foreign will of the decedent on the ground that the judgment of the sister state is not entitled to full faith and credit?

The record is uncontroverted that Millard L. Drake, as executor of Eugene Dixon Duncan, probated Duncan's will in the state of New Hampshire. Prior thereto, Elizabeth Holt had been appointed administratrix of the estate of Eugene Dixon Duncan in the probate court of Dallas County, Texas. Drake as executor tendered the will to the probate court of Dallas County, Texas, and asked that it be probated as a foreign will pursuant to Tex.Prob.Code Ann. § 105 (Vernon Supp.1974). At that time Mrs. Holt, acting through her attorneys, appellees herein, resisted the application for probate on the ground that the decedent was not a resident of New Hampshire at the time of his death but, to the contrary, was a resident of the state of Texas and, therefore, asserted that the foreign will was not entitled to full faith and credit in this jurisdiction. Following a hearing, the probate court denied the foreign will to probate, and Drake appealed to the district court of Dallas County, Texas.[2] Trial in the district court resulted in a judgment admitting the foreign will to probate, and from that judgment Mrs. Holt perfected an appeal to the court of civil appeals. The Eastland Court of Civil Appeals reversed and remanded the cause to the probate court for further proceedings. *Holt v. Drake,* 505 S.W.2d 650 (Tex.Civ.App.—Eastland 1973, no writ). It is uncontroverted that the services performed by appellees, as attorneys for the administratrix, were rendered in connection with the will contest outlined above. Attorney Currie, the only witness, testified that the value of the Texas estate was

2. This appeal from the probate court to the district court was prior to the effective date of the 1973 act of the Texas Legislature which amended § 5 of the Texas Probate Code and provided for appeals from probate matters directly to the court of civil appeals.

about $40,000 and that attorney's fees incurred in resisting the application for probate, to the present time, amounted to approximately $12,000 and thus would be in excess of one-fourth of the total value of the estate. He also testified that, in view of the foreseeable trial in the probate court and possible appeals from that judgment, additional attorney's fees would be incurred. Mr. Currie stated further that he had advised his client Mrs. Holt that it was her duty to resist the application for probate because the executor's application was in the form of a claim against the estate. In response to a question from the court, Mr. Currie stated that the administratrix's allowance of the claim for attorney's fees was under the facts of this case, based upon the provisions of § 242 of the Probate Code.

Tex.Prob.Code Ann. § 242 (Vernon 1956) provides:

Personal representatives of estates shall also be entitled to all necessary and reasonable expenses incurred by them in the preservation, safe-keeping, and management of the estate, and in collecting or attempting to collect claims or debts, and in recovering or attempting to recover property to which the estate has a title or claim, and all reasonable attorney's fees, necessarily incurred in connection with the proceedings and management of such estate, on satisfactory proof to the court.

■ Appellees assert that the administratrix's contest of the Texas probate of the foreign will was an activity undertaken in "the preservation, safe-keeping, and management of the estate." Based upon the facts presented in this record, we cannot agree with appellees. There is no evidence before us that indicates a necessity for continuing the administration of the Texas administratrix, as opposed to the executorship of Drake. While no one doubts the right of Mrs. Holt, as administratrix, to resist the application to probate the foreign will, we find no authority, either in the Probate Code or by decisions of courts of this state,

which would impose upon her a legal duty to resist the application. It is entirely possible that the rights of the heirs of the estate may be altered if the foreign will is admitted to probate in Texas. However, the mere fact that the share of an heir is altered or exhausted does not of itself create a legal duty on the part of the administratrix to take action pursuant to § 242 of the Probate Code and to allow the resulting attorney's fees to be charged to the estate. We hold that this record fails to demonstrate that the administratrix had a duty to oppose the application for foreign will under any of the provisions of § 242 of the Probate Code.

■ Appellees argue that the contest, being a claim against the estate, was brought by the administratrix to preserve the assets of the estate. We recognize the rule relied upon by the appellees that attorney's fees incurred in defending a suit against an estate are properly chargeable as expenses of administration. *Ackermann v. Ackermann,* 99 S.W. 889 (Tex.Civ.App.— 1907, no writ); *Stoughton Wagon Co. v. S. G. Dreyfus Co.,* 181 S.W. 703, 705 (Tex.Civ. App.—Beaumont 1915, writ ref'd). That rule, however, is not controlling here because Drake's attempt to probate the deceased's foreign will is not a suit against the Texas estate nor does it constitute a claim against the estate.

■ Appellees also argue that the action on the part of the administratrix in allowing attorney's fees is authorized pursuant to § 243 of the Texas Probate Code which provides:

When any person designated as executor in a will, or as administrator with the will annexed, defends it or prosecutes any proceeding in good faith, and with just cause, for the purpose of having the will admitted to probate, whether successful or not, he shall be allowed out of the estate his necessary expenses and disbursements, including reasonable attorney's fees, in such proceedings.

That rule obviously has no application to the facts of this case since the administratrix was not seeking to have a will admitted to probate nor was she defending a will already admitted.

Appellees, while admitting that there is no Texas authority directly in point on the question, seek to find support for the payment of attorney's fees in *Dyess v. Rowe,* 177 S.W. 523 (Tex.Civ.App.—San Antonio 1915), *reversed,* 213 S.W. 234 (Tex. Comm'n App.1919). However, the facts in that case are easily distinguished from those presented here. In *Rowe,* an heir sought to withdraw the estate from administration, and the administrator resisted such action and thereby incurred attorney's fees, which were allowed as an expense of administration. The administrator obviously felt that the administration was not ready to be closed and that it was his duty to preserve the estate by resisting the termination of the estate at that time. The Commission of Appeals held that it was the duty of the administrator not to surrender the trust property to one not entitled thereto and that, under those circumstances, it was his duty to oppose the withdrawal of the administration. In the present case, the action was not to withdraw the estate from administration but to probate a will which had previously been admitted to probate in a sister state. It cannot be said that the corpus of the estate would have been dissipated or jeopardized if the will had been admitted to probate since it is assumed that the executor would perform his duty of preservation as required by law.

We hold that since the administratrix did not have a duty to contest the appellant's application to probate the foreign will, attorney's fees incurred by the administratrix in the contest are not properly chargeable against the estate of Eugene Dixon Duncan.

The judgment of the probate court is reversed, and judgment is now rendered that the application of Elizabeth Holt, administratrix of the estate of Eugene Dixon Duncan, for an order directing the payment of a claim for attorney's fees to Muse, Currie & Kohen in the amount of $12,771.10 is denied. All costs are assessed against appellees Muse, Currie & Kohen.

Reversed and rendered.