

# Office of the Attorney General
## State of Texas

**DAN MORALES**
ATTORNEY GENERAL

December 5, 1994

Honorable Merrill L. Hartman
Chair
Court Reporters Certification Board
P.O. Box 13131
Austin, Texas 78711-3131

Opinion No. DM-308

Re: Whether rule 166c of the Texas Rules
of Civil Procedure and section 52.021(f) of
the Government Code conflict (RQ-695)

Dear Judge Hartman:

You request clarification of *Letter Opinion No. 93-110 (1993)* in which this office addressed, at your request, the relationship between subsections (e) and (f) of section 52.021 of the Government Code. Specifically, you ask whether rule 166c of the Texas Rules of Civil Procedure and section 52.021(f) of the Government Code conflict, a question which you did not raise and this office did not reach in our prior letter opinion.[1]

Section 52.021 of the Government Code provides in pertinent part:

(e) A person may not assume or use the title or designation "court recorder," "court reporter," or "shorthand reporter," or any abbreviation, title, designation, words, letters, sign, card, or device tending to indicate that the person is a court reporter or shorthand reporter, unless the person is certified as a shorthand reporter by the supreme court. Nothing in this subsection shall be construed to either sanction or prohibit the use of electronic court recording equipment operated by a noncertified court reporter pursuant and according to rules adopted or approved by the supreme court.

(f) *Except as provided by Section 52.031 and by Section 20.001, Civil Practice and Remedies Code, all depositions conducted in this state must be recorded by a certified shorthand reporter.*

(g) The board may enforce this section by seeking an injunction or by filing a complaint against a person who is not certified by the supreme court in the district court of the county in which that person resides. Said action for an injunction shall be in addition to any other

---

[1] In the letter opinion, we expressly noted that we did not consider the relationship between section 52.021(f) and rule 202 of the Texas Rules of Civil Procedure. *See* Letter Opinion No. 93-110 (1993) at 3 n.2.

action, proceeding, or remedy authorized by law. The board shall be represented by the attorney general and/or the county or district attorney of this state, or counsel designated and empowered by the board.

Gov't Code § 52.021(e) - (g) (emphasis added). In Letter Opinion No. 93-110, this office concluded that subsection (f) refers to depositions upon oral examination. Letter Opinion No. 93-110 at 3.

As you point out, rule 166c of the Texas Rules of Civil Procedure, entitled "Stipulations Regarding Discovery Procedure," appears to permit any person to take a deposition upon oral examination in certain circumstances. It provides as follows:

Unless the court orders otherwise, the parties may by written agreement (1) provide that *depositions may be taken before any person*, at any time or place, upon any notice, and in any manner and when so taken may be used like other depositions, and (2) modify the procedures provided by these rules for other methods of discovery. An agreement affecting a deposition upon oral examination is enforceable if the agreement is recorded in the deposition transcript. [Emphasis added.]

To the extent that rule 166c permits parties to stipulate that a deposition upon oral examination be taken by a person other than a certified shorthand reporter, it conflicts with subsection (f) of section 52.021 of the Government Code. When a rule of civil procedure promulgated by the Texas Supreme Court conflicts with a statute, the rule must yield. *Few v. Charter Oak Fire Ins. Co.*, 463 S.W.2d 424 (Tex. 1971); *Purolator Armored, Inc. v. Railroad Comm'n*, 662 S.W.2d 700, 702-03 n.4 (Tex. App.--Austin 1983, no writ); *Drake v. Muse, Currie & Kohen*, 532 S.W.2d 369, 370 (Tex. Civ. App.--Dallas 1975, writ ref'd n.r.e.); *C.E. Duke's Wrecker Serv., Inc. v. Oakley*, 526 S.W.2d 228 (Tex. Civ. App.--Houston [1st Dist.] 1975, writ ref'd n.r.e.). Thus, to the extent that rule 166c permits parties to stipulate that a deposition upon oral examination be taken by a person other than a certified shorthand reporter, it must yield to the requirement of subsection (f) of section 52.021 of the Government Code that a deposition upon oral examination must be taken by a certified shorthand reporter. Of course, section 52.031 of the Government Code, to which subsection (f) expressly refers, provides for the reporting of a deposition upon oral examination by a noncertified shorthand reporter under certain circumstances.

Your letter includes a discussion of the legislative history of rule 166c, and states that "[i]t is not clear whether the intent of the commenters or the drafters of Rule 166c was to permit parties to dispense with the statutory requirements regarding the use of a court reporter." We note that rule 166c was adopted in 1987 and effective January 1, 1988. Subsection (f) of section 52.021 of the Government Code, on the other hand, was not enacted until 1993. *See* H.B. 2073, Acts 1993, 73d Leg., ch. 1037, § 2 (eff.

Sept. 1, 1993). Given that rule 166c was adopted five years before subsection (f), we cannot infer any intent on the part of the drafters of rule 166c to either dispense with or avoid a conflict with subsection (f). We also note that subsection (f), on its face, appears to have been intended to limit the authority of persons other than certified shorthand reporters to take depositions upon oral examination, at least implicitly disapproving rule 166c. *See* Gov't Code § 22.004(b) (supreme court rules remain in effect until disapproved by the legislature). We are not aware of any legislative history to the contrary,[2] and therefore must abide by the plain meaning of the statute. If this was not the purpose of section (f), it is for the legislature to amend subsection (f) to clarify that this was not its intent.[3]

---

[2]In fact, on third reading the House of Representatives failed to adopt an amendment to House Bill 2073 that would have substituted a new subsection (f) providing as follows:

> Except as provided by Section 52.031 and by Section 20.001, Civil Practice and Remedies Code, *or by agreement of the parties*, all depositions, except depositions on written questions, conducted in this state must be recorded by a certified shorthand reporter.

H.J. of Tex., 73d Leg., at 2309 (1993) (emphasis added).

[3]Section 22.004(c) of the Government Code provides as follows:

> So that the supreme court has full rulemaking power in civil actions, a rule adopted by the supreme court repeals all conflicting laws and parts of laws governing practice and procedure in civil actions, but substantive law is not repealed. At the time the supreme court files a rule, the court shall file with the secretary of state a list of each article or section of general law or each part of an article or section of general law that in the court's judgment is repealed. The list has the same weight and effect as a decision of the court.

You do not ask and we do not consider here whether subsection (f) of section 52.021 of the Government Code is merely a procedural law which the supreme court could repeal by rule.

## S U M M A R Y

To the extent that rule 166c of the Texas Rules of Civil Procedure permits parties to stipulate that a deposition upon oral examination be taken by a person other than a certified shorthand reporter, it must yield to the requirement of subsection (f) of section 52.021 of the Government Code that a deposition upon oral examination must be taken by a certified shorthand reporter.

Yours very truly,

DAN MORALES
Attorney General of Texas

JORGE VEGA
First Assistant Attorney General

DREW T. DURHAM
Deputy Attorney General for Criminal Justice

JAVIER AGUILAR
Special Assistant Attorney General

RENEA HICKS
State Solicitor

SARAH J. SHIRLEY
Chair, Opinion Committee

Prepared by Mary R. Crouter
Assistant Attorney General